# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | James B. Zagel | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 07 C 6696 | **DATE** | January 18, 2008 |
| **CASE TITLE** | | Shawn Patterson (R-66497) v. Cozalino | |

**DOCKET ENTRY TEXT:**

Plaintiff Shawn Patterson's motion for leave to file his complaint *in forma pauperis* [3] is granted. The Court authorizes the trust fund account officer at plaintiff's place of confinement to deduct, as an initial partial payment of the filing fee, $2.40 from plaintiff's account, and to continue making deductions in accordance with this order until the entire $350 filing fee is paid. The clerk shall send a copy of this order to the trust fund account officer at Lawrence Correctional Center. Plaintiff may proceed with his claims against Captain Cozalino, Officer Wagner, and K. Sims, and the United States Marshals Service shall serve these defendants. Cook County is dismissed as a defendant and is terminated as a party to this suit. The clerk shall send to plaintiff Instructions for Submitting Documents, along with a copy of this order.

■ [**For further details see text below.**]   Docketing to mail notices.

## STATEMENT

    Plaintiff, Shawn Patterson (R-66497), currently incarcerated at Lawrence Correctional Center, has filed a civil rights complaint pursuant to 42 U.S.C. § 1983, alleging that he was not able to obtain adequate medical care while he was at Cook County Jail in 2007.

    The court finds that plaintiff is unable to pay the filing fee and grants his motion to file his complaint *in forma pauperis*. Pursuant to 28 U.S.C. § 1915(b)(1), plaintiff is assessed an initial partial filing fee of $2.40. The supervisor of inmate trust accounts at the Lawrence Correctional Center is authorized to collect, when funds exist, the partial filing fee from plaintiff's trust fund account and pay it directly to the clerk of court. After payment of the initial partial filing fee, the trust fund officer at the correctional facility where plaintiff is confined is authorized to collect monthly payments from plaintiff's trust fund account in an amount equal to 20% of the preceding month's income credited to the account. Monthly payments collected from plaintiff's trust fund account shall be forwarded to the clerk of court each time the amount in the account exceeds $10 until the full $350 filing fee is paid. All payments shall be sent to the Clerk, United States District Court, 219 S. Dearborn St., Chicago, IL 60604, 20th floor, and shall clearly identify plaintiff's name and the case number of this action. The Lawrence Correctional Center inmate trust account office shall notify state correctional authorities of any outstanding balance in the event plaintiff is transferred to another state correctional facility.
**(CONTINUED)**

isk

**STATEMENT (continued)**

    A preliminary review of plaintiff's complaint, *see* 28 U.S.C. § 1915A, reveals that he may proceed with his claims of deliberate indifference to his medical needs against Defendants Captain Cozalino and Officer Wagner (officials with the Cook County Jail), and against K. Sims (a doctor with Cermak Hospital). Although plaintiff's allegations do not indicate how Captain Cozalino and Dr. Sims were involved, plaintiff has stated valid claims and provided some indication of time and place, and thus may proceed against these defendants at this time. *Thomson v. Washington*, 362 F.3d 969, 971 (7th Cir.2004) (discussing the notice pleading requirement); *see also Estelle v. Gamble*, 429 U.S. 97, 106 (1976); *Jones v. Simek*, 193 F.3d 485, 489 (7th Cir.1999) (discussing the elements and pleading requirement of a deliberate indifference to a serious medical need claim). However, plaintiff's listing of Cook County on the cover of the complaint but not as a defendant in the section specifically asking him to list all defendants, as well as the lack of any allegations against Cook County, indicates that plaintiff did not intend to name Cook County as a defendant. Therefore, Cook County is dismissed as a defendant.

    The United States Marshals Service is appointed to serve defendants Captain Cozalino and Officer Wagner (officials with the Cook County Jail, Division 9), and Dr. K. Sims (a doctor with Cermak Hospital). Any service forms necessary for plaintiff to complete will be sent by the Marshal as appropriate to serve defendants with process. The Marshal is directed to make all reasonable efforts to serve defendants. With respect to any former employees who can no longer be found at the work address provided by plaintiff, the Cook County Sheriff's Office and Cermak Hospital shall furnish the Marshal with the defendant's last known address. The information shall be used only for purposes of effectuating service [or for proof of service, should a dispute arise] and any documentation of the address shall be retained only by the Marshal. Address information shall not be maintained in the court file, nor disclosed by the Marshal. The Marshal is authorized to mail a request for waiver of service to defendants in the manner prescribed by Fed. R. Civ. P. 4(d)(2) before attempting personal service.

    Plaintiff is instructed to file all future papers (plus a judge's copy) concerning this action with the clerk of court in care of the Prisoner Correspondent. In addition, plaintiff must send an exact copy of any filing to each defendant or, if represented by counsel, to counsel for defendants. Plaintiff must include on the original filing a certificate of service stating to whom exact copies were mailed and the date of mailing. Any paper that is sent directly to the judge or otherwise fails to comply with these instructions may be disregarded by the court or returned to plaintiff.